Case v. Phillips.

82    231
s182s187

## George F. Case v. Ophelia E. Phillips et al.

1.  Equity Practice—*Findings of the Master Conclusive.*—The finding of the master in chancery upon the question of settlement in this case, is conclusive.

Creditor's Bill.—Trial in the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding.  Hearing and decree for defendants; appeal by complainants.  Heard in the Branch Appellate Court at the March term, 1899.  Affirmed.  Opinion filed April 11, 1899.

Newman, Northup & Levinson, attorneys for appellant.

M. B. & F. S. Loomis, attorneys for appellees.

Mr. Justice Shepard delivered the opinion of the court.

A bill, in the nature of a creditor's bill, was filed by appellant to reach certain real estate in Cook county, held by the appellee, Mrs. Phillips, as a gift from her husband, James W. Phillips, by conveyance made in his lifetime, subsequent to his becoming indebted, as claimed, to appellant.

The main controversy is confined to the single question of whether the alleged claim of appellant has been paid and satisfied.

The master's report recites that by agreement of counsel the cause was submitted to him upon that sole question, and his conclusion was that appellant's claim had been paid and satisfied in full, and decree went accordingly.

Appellant's claim was for a balance alleged to be due to him from the said James W. Phillips in the matter of the sale by him for the appellant, of six certain second-hand carriages. All the carriages were shipped by appellant from Detroit, Michigan, to Chicago, three of them being shipped to Phillips, and three of them to the James Cunningham Son & Company, a corporation, for whom Phillips was manager. There is no doubt but the carriages were sold by Phillips, either individually or as manager of said corporation, for the total sum of $1,750, nor but that $834 of the proceeds were properly accounted for to the appellant by Phillips. So much of the transaction occurred in 1888 to 1890.

As against the claim by appellant for the balance, appellees' defense was that the carriages came to the hands of said Phillips as manager of said corporation, and that it has been fully paid by the corporation.

Phillips left the employment of the Cunningham Company about 1890, and in 1892 removed from Chicago to New Jersey, where he died, in December, 1893.

In a letter dated February 14, 1893, from appellant to Phillips, the appellant refers to his claim as "the unsettled account with the Chicago house, which you had charge of," and adds:

" I don't think you have any reason to not settle this matter as it has been so long and the house has account against me and would like to get the. thing settled up and I have called on them for settlement and shall hold the house for a settlement."

Again, it was shown by the appellee that in an action brought by the said Cunningham Company against the appellant, in the Circuit Court of Wayne County, Michigan, in May, 1893, to recover upon an account for a carriage and certain carriage supplies, amounting, as appears by the bill of particulars, to $715.12, the appellant interposed a set-off against the claim sued for, setting forth in the bill of particulars of such set-off, a claim against the said Cunningham company for the same carriages here in controversy, and the record of that suit shows a stipulation filed therein,

dated April 2, 1894, between the counsel of the respective parties, that the said cause " is settled in full and discontinued without costs to either party." After that was done, and after the death of Phillips, and under date of September 27, 1894, one Charles Strobridge, the then secretary of the Cunningham company, made an affidavit in behalf of that corporation, which affidavit, as appellant's brief concedes, was filed against Phillips' estate in New Jersey, wherein, on oath, he stated as follows:

" That J. W. Phillips, late of Newark, New Jersey, was, at the time of his death, justly, truly and lawfully indebted to the said company in the amount of $759.84. That the indebtedness arose in the following manner, namely: One George F. Case, of Detroit, Michigan, between May 18, 1888, and February 22, 1889, shipped goods to the said Phillips, as agent for said company, to an amount exceeding said sum, which the said Phillips failed to account for, and for which the said company became liable to the said Case, by reason of the default of the said Phillips. That by reason of the default of said Phillips, as agent of said company, said company was obliged to and did, on April 2, 1894, pay to the said Case the said sum of $683.84, besides the sum of $106 paid for legal fees, for which amounts the said Phillips then became indebted to the said company, no part of which has been paid, and all of which is past due, with interest. That there are no offsets or counter claims to the said demand."

From such, and other evidence, the master came to the proper conclusion, that the indebtedness referred to in Strobridge's affidavit, and that involved and settled in the suit in Michigan, between the Cunningham company and appellant, was the same for which this suit was instituted, and that appellant could not maintain this suit.

The objection that the affidavit of Strobridge was incompetent evidence, is not well taken. It was competent as an admission of the Cunningham company, who, though not an actual party to this suit, is identified in interest with the appellant in the subject-matter of the litigation, as clearly enough appears from the evidence in the case, which, however, we will not take space to recapitulate.

Appellee's cross-errors, assigned because of the sustain-

ing, by the court below, of certain of appellant's exceptions to the master's report, bring this question before us, and we think the exceptions should not have been sustained. Standing by itself, the affidavit by Strobridge was, probably, not competent evidence, but taken in connection with the other evidence tending strongly, if not conclusively, to show that the Cunningham company is identified in interest with appellant in the litigation, it was clearly competent as an admission.

The Circuit Court, although rejecting the Strobridge affidavit, held, with the master, that appellant's claim sought to be forced here, was settled and paid in full by the Cunningham company, and, with considerable reason, rightly so held.

But, with that affidavit in the case, there can be no hesitation in holding that the decree of the Circuit Court dismissing the bill for want of equity ought to be affirmed.

This conclusion renders it unnecessary for us to consider whether, or not, the appellees hold the real estate in question subject to the claim of appellant.

The decree of the Circuit Court is affirmed.